United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOE DEL VALLE-MEJIA, | ) | |
| Defendant/Movant, | ) | Civil No. CA-B-04-19 |
| vs. | ) | USDC No. CR-B-02-323-01 |
| UNITED STATES OF AMERICA, | ) | Reply Brief |
| Plaintiff/Respondent. | ) | |

## MOVANT'S REPLY TO GOVERNMENT'S ANSWER
## TO MOVANT'S § 2255 MOTION

Movant asserts that the government's position in its Answer is incorrect, and nothing more than a wordy attempt to cloud the issues presented by Movant.

It should be noted that, based on the recent clarification of the Supreme Court ruling in, **Apprendi v. New Jersey**, 530 U.S. 466, 147 L.Ed.2d 435, 120 S. Ct. 2348 (2000), all of the enhancements in Movant's case are constitutionally invalid and <u>must</u> be vacated. The Supreme Court recently held that "[o]ur precedents make clear, however, that the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment... and the judge exceeds his proper authority." **Blakley v. Washington**, 542 U.S. _____, 159 L.Ed.2d 403, 124 S. Ct. 2531 (decided June 24th, 2004).

It should be noted that the **Blakely** decision was not available to Movant when he

(1)

prepared and submitted his initial § 2255 Motion, which is the reason Movant did not included it in his brief. However, the **Apprendi** decision was available to counsel when Movant was indicted, pled guilty, and was sentenced, which supports Movant's position that counsel was ineffective for failing to "properly" object to and appeal the enhancements in his case under the principles set forth in **Apprendi.**

The government cannot allege that an **Apprendi** argument would have been frivolous because **Ralph Howard Blakely** advanced an **Apprendi** claim in this regards and prevailed. Additionally, as the government points out on page 2, of its Answer, Movant "entered a plea without the benefit of a written plea agreement," which means that Movant did not admit to the conduct that was used for the sentencing enhancements under the very low preponderance of the evidence standard. One fact that **Apprendi/Blakely** has made very clear, a sentence imposed without a jury verdict, or the conduct being admitted, is in violation of the Sixth Amendment right to jury trial.

Therefore, the Court should conduct a sua sponte de novo review of the validity of the enhancements in Movant's case and grant Movant the appropriate relief.

Movant is aware of the Fifth Circuit's current ruling in, **United States v. Pineiro, 377 F.3d 464, 465 (5th Cir. 2004),** where the Court held that "[t]his court assuredly will not be the final arbiter of whether **Blakely** applies to the federal Guidelines..." Therefore, the Court realizes that its current position in regards to **Blakely** will more than likely not stand. As the Court stated, it only exercised that position because of the "unremitting press of sentencing appeals." **Id. at 465.**

The integrity of the Fifth Circuit's ruling in **Pineiro,** was almost immediately brought into question and is about to be resolved by the Supreme Court in, **United States v. Booker, U.S., No. 04-104; and, United States v. Fanfan, U.S., No. 04-105,** that will be examining the reach and application of **Blakely** in regards to the federal Sentencing Guidelines.

Movant asserts that it would be premature to rule on his **Apprendi/Blakely** claims without the benefit of the **Booker** and **Fanfan** decisions. Therefore, Movant respectfully

(2)

requests that the Court hold its decision in the case at bar in abeyance until after the Supreme Court issues its ruling in **Booker** and **Fanfan.**

As to the claims in Movant's initial brief, Movant hereby incorporates this Reply Brief and maintains that his position in his § 2255 Motion and Supporting Memorandum are correct. The Court, over Movant's objections, adopted the findings of the Probation Office in the Presentence Investigation Report (PSI), and sentenced Movant with a (+2) point increase for obstruction of justice, using conduct that also resulted in a separate conviction, which is a double jeopardy violation, then using that fact to arbitrarily deny Movant his (-3) point reduction for acceptance of responsibility.

The government admits on page 3, of its Answer that: "It was recommended that [Movant] receive an adjustment for timely acceptance of responsibility for a total offense level score of 21. His prior criminal history garnered him six points and a criminal history category III, bearing punishment range **46 to 57 months...**" This is what Movant "reasonably understood" he would receive, **46 to 57 months,** as quid pro quo in exchange for his plea of guilty.

Therefore, when the Court elected to change that position, without the required jury finding of guilt beyond a reasonable doubt as required by the Sixth Amendment and the Supreme Court rulings in **Apprendi** and **Blakely,** Movant should have been given an opportunity to withdraw his plea of guilty and go to trial, and that is certainly what Movant would have done given the opportunity. There can be no question that counsel was ineffective for failing to "properly" object to and appeal these errors.

The Supreme Court has held that "[t]his Court's jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance... if an increased prison term did flow from an error than petitioner has established **Strickland** prejudice." **Glover v. United States, 531 U.S. 198, 148 L.Ed.2d 604, 611, 121 S. Ct. 696 (2001).**

Movant has identified the "acts or omissions" of counsel that were not the result of reasonable professional judgment, and established that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings

(3)

would have been different, i.e., either Movant would have pled not guilty and insisted on going to trial, or Movant would have received a lesser sentence, which establishes prejudice under the two-prong test for ineffective assistance of counsel announced by the Supreme Court in, **Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 696, 104 S. Ct. 2052 (1984),** and **Glover,** which requires the Court to rule on the merits of Movant's claims.

Additionally, the facts alleged by Movant are supported by the record, which requires the Court to hold an evidentiary hearing under the standards set forth by the Fifth Circuit in, **United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991).**

## CONCLUSION

Wherefore, Movant prays that this Honorable Court will recognize the errors in his case and either allow Movant to withdraw his plea, or vacate Movant's sentence and remand this case with instructions to resentence Movant without the enhancements in question, or at a minimum, conduct an evidentiary hearing where Movant can advance his claims with the benefit of counsel.

Respectfully submitted,

_Noe del Valle_
Noe Del Valle-Mejia

(4)

## CERTIFICATE OF SERVICE

I, Noe Del Valle-Mejia, pro se Defendant/Movant in the foregoing Movant's Reply to Government's Answer to Movant's § 2255 Motion, hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and two true and correct copies of said Reply to the following:

Clerk of the Court
105 Federal Building
500 E. 10th Street
Brownsville, TX 78520

and one copy to counsel for the government:

Jeffery A. Babcock
Assistant U.S. Attorney
600 E. Harrison St., #201
Brownsville, TX 78520-7114

on this 29th day of October, 2004.

*/s/ Noe del Valle*

**Noe Del Valle-Mejia**
Reg. #11233-179
F.C.I. - Medium
P.O. Box 26040
Beaumont, TX 77720